IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ACE HARDWARE CORPORATION, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | 10 C 2884 |
| | ) | |
| LANDEN HARDWARE, LLC, | ) | |
| MARKETPLACE HARDWARE, LLC, | ) | |
| WILLIAM B. LOVETT, STEVEN D. | ) | |
| MCMAHAN, LINDA LOVETT, and | ) | |
| SANDRA MCMAHAN, | ) | |
|     Defendants. | ) | |

**MEMORANDUM AND ORDER**

Defendants Landen Hardware and Marketplace Hardware are defunct Ace Hardware franchisees, and individual defendants William and Linda Lovett and Steven and Sandra McMahan signed guaranties connected with the agreements between Landen and Marketplace and Ace Hardware. Plaintiff Ace Hardware Corporation seeks to dismiss the defendants' negligent misrepresentation counterclaim. For the following reasons, the motion is granted.

**I.    Background**

The following allegations are drawn from the amended complaint and counterclaim, and for the purpose of the present motion are accepted as true. "Ace is a retailer-owned cooperative in the hardware industry" who provided the defendants "with thousands of dollars of merchandise and credits under the parties' contracts, the right to a non-exclusive license to use various Ace trademarks, and the right to receive patronage dividends under certain circumstances." Amended Complaint (Dkt. 6) at ¶¶ 2, 9. Landen and Marketplace entered onto contracts with Ace and opened Ace stores, and the individual defendants personally guaranteed payment of the credit extended to the stores. These agreements contained a choice of law

provision stating that Illinois law would govern disputes arising under the contracts. After the stores failed to thrive, Landen and Marketplace stopped payments to Ace, prompting the instant lawsuit.

Landen and Marketplace contend that their contracts with Ace are unenforceable because Ace made negligent misrepresentations to induce them to open Ace stores. Specifically, they assert that Ace representative Bob Gold told them that the Cincinnati, Ohio metropolitan area (where the Landen and Marketplace stores were located) was "one of the ten areas in the county that would be advantageous for developing and branding Ace Hardware stores." Counterclaim (Dkt. 37) at ¶ 3. Additionally, Ace selected the location for the Landen store and gave it a site score of 89.5/100, describing it as "an 'A' site or at worst, a 'B+' site." *Id.* at ¶ 8.

The defendants, however, allege that they subsequently found out that this information was inaccurate and characterize Ace's alleged failure to provide accurate information as negligent. The defendants also claim that Bob Shelton, a regional manager of Ace, believed that the information provided to the defendants was "seriously flawed" and that the Landen site score was "grossly inflated." *Id.* at ¶ 12. According to the defendants, if Ace had given them accurate information, they would not have opened the Landen and Marketplace stores or entered into any contracts with third parties relating to the stores.

## II.   Discussion

The defendants' negligent misrepresentation counterclaim seeks damages for economic harm they purportedly incurred based on Ace's alleged negligent misrepresentations about the quality of the sites for the Landen and Marketplace stores. Ace has moved to dismiss the counterclaim, arguing that it is barred by the economic loss doctrine and, in any event, is

insufficient under Fed. R. Civ. P. 12(b)(6). The court's consideration of Ace's motion begins and ends with the economic loss doctrine.

## II. Discussion

### A. Choice of Law

As noted above, the agreements at issue in this case contain a choice of law provision stating that Illinois law applies. Ace contends that the choice of law provision governs the counterclaim. The defendants skirt the issue by focusing on Illinois, briefly touching on Ohio law, and stating that they "do not express an opinion . . . as to whether Illinois or Ohio law applies." Response at 6 n.4 (Dkt. 56).

When "parties fail to raise a possible conflict of substantive laws . . . the substantive law of the forum controls. Stated in another manner, unless the parties argue otherwise, it is assumed that the law of the forum and the laws of the applicable jurisdiction are in substance the same." *Nat'l Ass'n of Sporting Goods Wholesalers, Inc. v. F.T.L. Mktg. Corp.*, 779 F.2d 1281, 1284-85 (7th Cir. 1985) (internal quotations omitted); *see also Balt. Orioles, Inc. v. Major League Baseball Players Ass'n*, 805 F.2d 663, 681 n.33 (7th Cir. 1985) ("[w]hen the parties fail to consider the choice of law in a diversity case, the substantive law of the forum is presumed to control"). Since the parties neither contend that Illinois and Ohio law materially differ nor challenge the choice of law provision, the court will apply Illinois law to the defendants' counterclaim.

**B.      Negligent Misrepresentation and the Economic Loss Doctrine**

In Illinois, a claim of negligent misrepresentation consists of:

> (1) a false statement of material fact, (2) carelessness or negligence in ascertaining the truth of the statement by the party making it, (3) an intention to induce the other party to act, (4) action by the other party in reliance on the truth of the statement, and (5) damage to the other party resulting from such reliance, (6) when the party making the statement is under the duty to communicate accurate information.

*First Midwest Bank, N.A. v. Stewart Title Guaranty Company*, 823 N.E.2d 168, 178 (Ill. App. Ct. 2005).

In turn, the economic loss doctrine, as articulated by the Illinois Supreme Court in *Moorman Manufacturing Co. v. National Tank Co.*, 435 N.E.2d 443, 453 (Ill. 1982), bars recovery for economic losses resulting from negligent misrepresentation except when the supplier of information is "in the business of supplying information for the guidance of others in their business transactions" or, instead, is supplying information that is "merely ancillary to the sale or in connection with the sale of merchandise or other matter." *Fireman's Fund Ins. Co. v. SEC Donahue, Inc.*, 679 N.E.2d 1197, 1199-1201 (Ill. 1997).

The negligent misrepresentation exception is typically applied to pure information providers. *See generally Congregation of the Passion, Holy Cross Province v. Touche Ross & Co.*, 636 N.E.2d 503 (Ill. 1994) (applying exception to accountants); *see also Mercantile Capital Partners v. Agenzia Sports, Inc.*, No. 04 C 5571, 2005 WL 351926, at *8 (N.D. Ill. Feb. 10, 2005) (a defendant is generally in the "business of providing information for the guidance of others in business dealings" if it is a "pure information" provider such as a bank providing credit information to a potential lender, real estate agent, title company, or stock broker).

The defendants concede that they are seeking to recover economic losses under a tort theory but assert that this is proper because Ace was in the business of supplying information. They do not dispute, however, that Ace's business centers on setting up and supporting Ace franchises. The alleged misrepresentations here center around whether certain locations could support a successful Ace franchise. The court accepts, for present purposes, the defendants' contention that the opinions on the viability of store locations allegedly provided by Ace were important to them.

Nevertheless, Ace's business model extends far beyond providing advice to its franchisees about the desirability of potential store locations. Among other things, it is undisputed that Ace provides its franchisees with merchandise, credits under its contracts with the franchisees, the right to a non-exclusive license to use various Ace trademarks, and the right to receive patronage dividends under certain circumstances. Accordingly, it is not a pure information provider and its business does not center around providing location information to its franchisees. *See Fireman's Fund Ins. Co. v. SEC Donahue, Inc.*, 679 N.E.2d at 1199-1201. This means that the economic loss doctrine bars the defendants' tort claim of negligent misrepresentation.

### III. Conclusion

For the reasons stated above, Ace's motion to dismiss the defendants' counterclaim [#44] is granted.

DATE: November 28, 2011

_____
Blanche M. Manning
United States District Judge