Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 2884 | **DATE** | June 28, 2012 |
| **CASE TITLE** | *Ace Hardware v. Landen Hardware* | | |

**DOCKET ENTRY TEXT:**

The defendants' motion to reconsider or, alternatively, for certification under 28 U.S.C. § 1292(b) [116] is denied.

■ [ For further details see text below.]

## STATEMENT

On November 28, 2011, the court granted Ace's motion to dismiss the defendants' counterclaim [#44]. The defendants currently seek reconsideration of that order. Alternatively, they ask the court to certify the order pursuant to 28 U.S.C. § 1292(b). At the parties' joint request, the court allowed them to brief the motion to reconsider and for certification concurrently with Ace's motion for summary judgment.

The motion is based on an inaccurate characterization of the court's order. According to the defendants, the court held that the Illinois economic loss doctrine barred the defendants' counterclaim because Ace "is not a pure information provider and its business does not center around providing location information to its franchisees." The court believes that its order, read in its entirety, conveys the idea that the economic loss doctrine does not apply to a company, such as Ace, who is not "in the business of supplying information for the guidance of others in their business transactions" and instead supplies information that is "merely ancillary to the sale or in connection with the sale of merchandise or other matter." *Fireman's Fund Ins. Co. v. SEC Donahue, Inc.*, 679 N.E.2d 1197, 1199-1201 (Ill. 1997). The focus on the words "pure information provider" is misleading. To the extent that the court's order was unclear, the court clarifies that it applied the standard articulated by the Illinois Supreme Court in *Fireman's Fund* and the other cases cited in the November 28, 2011, order.

(continued)

| | Courtroom Deputy Initials: | RTH/c |
|---|---|---|

## STATEMENT

The allegedly newly discovered evidence now available to the defendants, such as the fact that Ace's marketing manager testified at his deposition that sales projections were important to the defendants, does not affect this result. Regardless of when the defendants became aware of this testimony, the key inquiry is whether Ace's business is guiding others in their business transactions. The defendants previously did not dispute that Ace's business centers on setting up and supporting Ace franchises. As the court previously noted, "Ace's business model extends far beyond providing advice to its franchisees regarding the desirability of potential store locations. Among other things, it is undisputed that Ace provides its franchisees with merchandise, credits under its contracts with the franchisees, the right to a non-exclusive license to use various Ace trademarks, and the right to receive patronage dividends under certain circumstances." Dkt. 72 at 5.

Each nugget of information provided by Ace, whatever it concerned, may have been important to the defendants, but this is not the relevant inquiry. Moreover, a more fully developed record will not alter this conclusion as the avenues of inquiry that the defendants wish to pursue relate to the importance placed on information provided by Ace, not Ace's business model. The court thus declines to revisit its conclusion that the economic loss doctrine bars the defendants' negligent misrepresentation claim.

Because the defendants' request for certification of the court's order is based on its alleged reliance on the incorrect legal standard, the defendants' alternate motion to certify is denied. In this regard, the court notes that it has considered whether certification of the order, as opposed to the issue framed by the defendants, was appropriate. *See Edwardsville Nat'l Bank & Trust Co. v. Marion Labs., Inc.*, 808 F.2d 648, 650 (7th Cir. 1987) ("The question is the *reason* for the interlocutory appeal, but the thing under review is the order") (emphasis in original); *see also* 28 U.S.C. § 1292(b) (referencing "an immediate appeal from the order"); *Rodgers v. Allen*, No. 05 C 3540, 2009 WL 2872912, at *2 (N.D. Ill. Sept. 2, 2009) (collecting cases).

In the interests of completeness, the court notes that it also believes that the order is not a suitable candidate for § 1292(b) certification. To obtain certification, the movant must satisfy "four statutory criteria . . . . there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." *Ahrenholz v. Board of Trustees of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000) (emphasis in original). The court's inquiry begins and ends with the last factor. The defendants assert that an immediate appeal will save everyone time and expense and thus materially advance the ultimate termination of this action. This argument is equally applicable to any case where the court issues a ruling that is adverse to one side. The court appreciates that the defendants disagree with the ruling regarding the economic loss doctrine but nevertheless finds that pursing an interlocutory appeal is just as likely to lead to unnecessary delay and expense. Quite simply, this is not an exceptional case warranting deviation from the normal rule that a dissatisfied party must appeal from a final order. *See, e.g., Coopers & Lybrand v. Livesay*, 437 U.S. 463, 473–74 (1978) (interlocutory appeals under § 1292(b) are disfavored so certification is appropriate only in exceptional cases). Thus, the court declines to certify its order under § 1292(b).

The court also notes that the parties asked the court to consider the request to certify at the same time as Ace's motion for summary judgment. Contemporaneously with this order, the court granted Ace's motion for summary judgment. It also asked the parties to weigh in on whether certification of the court's summary judgment ruling pursuant to Rule 54(b) is warranted, given that the court cannot enter a final judgment since the McMahons appear to have a pending bankruptcy case. Thus, at this point in the proceedings, it appears that certification under § 1292(b) may not have any meaningful impact on the timing of an appeal.