Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 2884 | **DATE** | July 24, 2012 |
| **CASE TITLE** | *Ace Hardware v. Landen* | | |

**DOCKET ENTRY TEXT:**

As the Lovetts' guaranties covered both the Landen and Marketplace stores, for the reasons set forth in the court's summary judgment order, Ace is entitled to summary judgment as to the guaranty claims against the Lovetts for both stores (Count V against William Lovett and Count VI against William and Linda Lovett) in the amount of $847,709.57. The claims against the McMahons are dismissed with prejudice. The parties shall file a joint memorandum by 7/31/2012 addressing prejudgment interest. The 7/24/2012 status is reset to 8/2/2012 at 11:00 a.m.

■[ For further details see text below.]

## STATEMENT

When the court granted Ace's motion for summary judgment, it entered judgment against Landen and Marketplace and found that as to Landen, Ace is entitled to $497,165.21 and as to Marketplace, Ace is entitled to $377,544.36. It also held in favor of Ace with respect to Count V against William Lovett and Count VI against William and Linda Lovett based on guaranties the Lovetts signed for the Landen store. However, the court questioned whether under the guaranties, the Lovetts were also liable for the debt owed by the Marketplace store. The court also asked the parties to weigh in regarding the status of Steven and Sandra McMahan, who at last report had a pending bankruptcy case.

The parties' additional memoranda regarding these issues are before the court. The parties agree that the Lovetts' guaranties covered both the Landen and Marketplace stores. Accordingly, for the reasons set forth in the court's summary judgment order, Ace is entitled to summary judgment as to the guaranty claims against the Lovetts for both stores (Count V against William Lovett and Count VI against William and Linda Lovett) in the amount of $847,709.57.

With respect to the claims against Steven and Sandra McMahan, the parties agree that the McMahans received a discharge and that the liability associated with this case was included within the discharge. The claims against the McMahons are, therefore, dismissed with prejudice.

(continued)

| | Courtroom Deputy Initials: | JC/c |
|---|---|---|

**STATEMENT**

This does not dispose of all claims as to all parties, however, as Ace requests an award of prejudgment interest and attorneys' fees. While attorneys' fees are collateral to a judgment on the merits and do not affect the court's ability to enter judgment as to the merits, "prejudgment interest is part of the judgment, not collateral to it." *Herzog Contracting Corp. v. McGowen Corp.*, 976 F.2d 1062, 1064 (7th Cir. 1992). The parties' filings do not specifically address the rate for prejudgment interest or point to the portion of the contracts that allegedly entitle Ace to prejudgment interest. Accordingly, the parties shall file a joint memorandum by July 31, 2012, addressing these matters. The July 24, 2012, status is reset to August 2, 2012, at 11:00 a.m.